UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>STEVEN D. GRIERSON,<br>　　　　　　　　　　Defendant. | 3:19-cv-00193-MMD-CBC<br><br>**<u>REPORT AND RECOMMENDATION</u>**<br>**<u>OF U.S. MAGISTRATE JUDGE</u>[1]** |

Before the Court is Plaintiff Justin Odell Langford's ("Langford"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). Also before the Court is Langford's motion for preliminary injunction (ECF No. 3) and request for decision on the motion for preliminary injunction (ECF No. 5). For the reasons stated below, the Court recommends that Langford's *in forma pauperis* application (ECF No. 1) be granted, his complaint (ECF No. 1-1) be dismissed for failure to state a claim, and his motion for preliminary injunction and request for decision (ECF Nos. 3, 5) be denied as moot.

I.　***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

-1-

unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Langford cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II.   SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.   SCREENING OF COMPLAINT

In his complaint, Langford sues Defendant Clerk of the Court for Clark County Steven D. Grierson ("Grierson") under 42 U.S.C. § 1983 and asserts a violation of the Freedom of Information Act ("FOIA"), under 5 U.S.C. § 552. (*See* ECF No. 1-1 at 1-2). Langford alleges the following: On March 25, 2019, Langford mailed a FOIA request to Grierson, who received the request on March 28, 2019. (*Id.* at 2). On March 28, 2019, Grierson sent a reply to Langford. (*Id.*) In Langford's request, he asked for records from a Nevada state court case. (*Id.* at 3). Langford alleges that Grierson is "required to make those records available for inspection and copying" and is "required to provide the records requested… in the format requested." (*Id.*) Langford requested the documents to be sent to his email via PDF, "so there is no printing required" by Grierson. (*Id.*) Langford states he should have received a copy of the records with a bill for the costs of the search and no fee for printing

because Grierson did not print the records. (*Id.*) Based on the allegations, Langford requests monetary damages and a copy of the requested records. (*Id.* at 4).

FOIA "requires every [federal executive-branch] agency 'upon any request for records which ... reasonably describes such records' to make such records 'promptly available to any person'." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754-55 (1989) (quoting 5 U.S.C. 552(a)(3)). "Where a citizen has made a request for information under FOIA, and the agency has refused in whole or in part to produce responsive materials, the act authorizes the citizen to bring suit in federal court challenging the agency's refusal to disclose documents to the requester." *Nat. Resources Def. Council v. U.S. Dep't of Def.*, 388 F.Supp.2d 1086, 1094 (C.D.Cal. 2005) (citing 5 U.S.C. § 552(a)(4)(B)). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary and capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo'." *Reporters Comm. For Freedom of Press*, 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B)).

To state a claim under FOIA, a plaintiff must allege that (1) he made a written request for the records, 5 U.S.C. § 552(a)(3)(A), (2) the requested records were created or obtained by a federal agency, *Forsham v. Harris*, 445 U.S. 169, 182 (1980), and (3) the agency denied the request and any subsequent administrative appeal, or failed to comply by providing the agency records within the twenty-day statutory time period. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C). The twenty-day time period begins to run upon the agency's receipt of the request. 5 U.S.C. § 552(a)(6)(A)(I).

Langford fails to state a colorable claim under FOIA. Langford's remedy for an alleged refusal to respond to a proper FOIA request is not a civil rights action under section 1983. FOIA provides a right to citizens to access records from a *federal agency.* Langford is complaining of a failure to respond to a records request made to a Clark County agency, not a federal agency. His recourse for the alleged refusal to respond to the records request

made either under state or local law is not a federal civil rights claim against Grierson in federal court. Accordingly, Langford's complaint should be dismissed, for failure to state a claim.

## IV.   MOTION FOR PRELIMINARY INJUNCTION

Langford has also filed a motion for preliminary injunction (ECF No. 3) and request for decision on the motion for preliminary injunction (ECF No. 5) related to his FOIA request. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Lost Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Because the Court recommends that the complaint be dismissed for failure to state a claim, the Court recommends that the motion for preliminary injunction and request for decision (ECF Nos. 3, 5) be denied as moot.

## V.   CONCLUSION

For the reasons articulated above, the Court recommends that Langford's application to proceed *in forma pauperis* (ECF No. 1) be granted, that Langford's complaint (ECF No. 1-1) be dismissed for failure to state a claim, and that the motion for preliminary injunction and request for decision (ECF Nos. 3, 5) be denied as moot.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation

within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Langford's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Langford's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Langford's complaint (ECF No. 1-1) be **DISMISSED** for failure to state a claim; and

**IT IS FURTHER RECOMMENDED** that the motion for preliminary injunction (ECF No. 3) and request for decision on the motion for preliminary injunction (ECF No. 5) be **DENIED** as moot.

**DATED:** August 28, 2019.

_____
UNITED STATES MAGISTRATE JUDGE