UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>Plaintiff,<br>v.<br>STEVEN D. GRIERSON,<br><br>Defendant. | Case No. 3:19-cv-00193-MMD-CBC<br><br>ORDER |

Plaintiff Justin Odell Langford, who is in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against the Clerk of Court for Clark County Steven D. Grierson for violation of the Freedom of Information Act ("FOIA"). (ECF No. 1-2 at 1-2.) Plaintiff also submits an application to proceed in forma pauperis ("IFP Application"). (ECF No. 1.) For these reasons, the Court is required to screen Plaintiff's proposed complaint under 28 U.S.C. § 1915A. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 6), recommending that the Court grant the IFP Application but dismiss the proposed complaint. Plaintiff filed an objection. (ECF No. 7.) The Court overrules Plaintiff's objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth

1  Circuit has recognized that a district court is not required to review a magistrate judge's
2  report and recommendation where no objections have been filed. *See United States v.*
3  *Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review
4  employed by the district court when reviewing a report and recommendation to which no
5  objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.
6  Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that
7  district courts are not required to review "any issue that is not the subject of an objection.").
8  Thus, if there is no objection to a magistrate judge's recommendation, then the Court may
9  accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at
10 1226 (accepting, without review, a magistrate judge's recommendation to which no
11 objection was filed).

12 Judge Carry recommends granting Plaintiff's IFP Application and dismisses the complaint because Plaintiff cannot sue Defendant, the clerk of court for a Nevada county, for violation of FOIA when FOIA is a federal statute that applies only to federal agencies. (ECF No. 7 at 4.) Plaintiff's objection argues that the IFP Application "is a contract to pay a debt for filing a case in this court . . . [but the contract] is entered into based upon fraud." The Court agrees with Judge Carry that Plaintiff's IFP Application should be granted because he has shown that he cannot pay the filing fee and that his complaint should be dismissed for failure to state a claim. Plaintiff argues the IFP Application is fraudulent, but it is mandated by statute and he has not challenged the constitutionality of the statue nor does he have a basis to do so.

22 It is therefore ordered that Judge Carry's Report and Recommendation (ECF No. 6) is adopted in full.

24 It is further ordered Plaintiff's IFP Application (ECF No. 1) is granted without having to prepay the full filing fee. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act ("PLRA"). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security

therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the NDOC must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Justin Odell Langford, #1159546 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is instructed to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk of Court file Plaintiff's proposed complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed for failure to state a claim.

It is further ordered that, even though this action will be dismissed, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 3) and request for decision on the same (ECF No. 5) are denied as moot.

This Court certifies that any *in forma pauperis* appeal from its order of dismissal would be frivolous or would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 27th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE